NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1963
_____

UNITED STATES OF AMERICA

v.

SAMUEL MANGEL,
                    Appellant
_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-16-cr-00147-001
District Judge: The Honorable Paul S. Diamond

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 4, 2019

Before: SMITH, *Chief Judge,* AMBRO, and RESTREPO, *Circuit Judges*

(Filed: May 21, 2019)
_____

OPINION*
_____


SMITH, *Chief Judge.*

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pursuant to a written plea agreement, Samuel Mangel pleaded guilty to four counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of engaging in the business of insurance after being convicted of a felony involving dishonesty, in violation of 18 U.S.C. § 1033(e)(1). The plea agreement contained a broad appellate waiver of Mangel's right to file a direct appeal or to seek collateral relief. The waiver permitted an appeal only under limited circumstances.[1] The United States District Court for the Eastern District of Pennsylvania sentenced Mangel to an above-guidelines sentence of 60 months' imprisonment on each count, to be served concurrently, followed by three years of supervised release. This timely appeal followed.[2]

During the plea colloquy, the District Court reviewed at length the terms of the plea agreement with Mangel, paying particular attention to the appellate

---

[1] Mangel could appeal or petition for collateral relief if: the Government appealed; he challenged the District Court's decision to impose either a sentence exceeding the statutory maximum, an "upward departure" pursuant to the Sentencing Guidelines, or an "upward variance" above the final Sentencing Guidelines range; or he asserted an ineffective assistance of counsel claim.

[2] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction over the matter under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Even a valid appellate waiver "does not deprive this Court of jurisdiction over the defendant's claims, and we retain subject matter jurisdiction over the defendant's appeal despite the waiver." *United States v. Jackson,* 523 F.3d 234, 242 (3d Cir. 2008) (citing *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007)). Our review of whether an appellate waiver is valid and enforceable is plenary. *United States v. Khattak,* 273 F.3d 557, 560 (3d Cir. 2001).

waiver.[3]  Mangel then decided to sign the plea agreement, including the appellate waiver, and entered his guilty plea.  Additionally, he executed an Acknowledgement of Rights outlining the rights he possessed and would be giving up by pleading guilty and as a result of his appellate waiver.[4]

Mangel now contends: (1) his appeal is not barred by the appellate waiver in his plea agreement, or alternatively that the waiver should not be enforced; (2) the District Court erred when it included relevant conduct in calculating the Guidelines range; (3) the District Court erred when it imposed an upward variance from the final Guidelines range it calculated; and (4) prior defense counsel provided ineffective assistance of counsel.  The Government argues we should enforce Mangel's appellate waiver and bar his challenge to the District Court's calculation of the Sentencing Guidelines.  The Government also asserts that the sentence was substantively reasonable.  Finally, it argues Mangel's claim of ineffective assistance of counsel should be reserved for collateral review. We agree with the Government.

---

[3] *See* App. 197 (The District Court: "Do you understand as set out in your guilty plea agreement that you are expressly and voluntarily waiving, meaning giving up forever, all your rights to appeal or collaterally attack your sentence, conviction or any other matter relating to this prosecution . . . [and do you] understand the only appeal you might have from your guilty plea[,] if I accept it, would be if I impose a sentence that exceeds the statutory maximum for any count or conviction . . . or if I depart or vary upward . . . [?]"  Mangel replied: "Yes, Your Honor.").

[4] *See* App. 23-24; *see also* App. 202.

We review the enforceability of an appellate waiver by inquiring as follows: (1) whether the waiver of the right to appeal was knowing and voluntary; (2) whether one of the specific exceptions set forth in the waiver allows appellate review of the issue presented by the defendant; and (3) "whether enforcing the waiver would work a miscarriage of justice." *United States v. Goodson,* 544 F.3d 529, 536 (3d Cir. 2008) (citing *United States v. Jackson,* 523 F.3d 234, 243–44 (3d Cir. 2008)). We conclude that the appellate waiver here was both knowing and voluntary. Consistent with Federal Rule of Criminal Procedure 11(b)(1)(N), the District Court reviewed the terms of the appellate waiver with Mangel at length. He affirmed he understood the terms of the waiver before the court accepted his plea. We also disagree with his contention that the knowing and voluntary nature of the waiver "retroactively vanishe[d]" if the Government breached the plea agreement. Appellant Reply Br. 2. A breach does not retroactively render a guilty plea unknowing or involuntary. Indeed, "[i]t is precisely *because* the plea was knowing and voluntary (and hence valid) that the Government is obligated to uphold its side of the bargain." *Puckett v. United States,* 556 U.S. 129, 137–38 (2009).

In an attempt to avoid the enforcement of his appellate waiver, Mangel contends that the Government breached the plea agreement by objecting to the acceptance-of-responsibility adjustment under U.S.S.G. § 3E1.1 and by advocating

for a sentence at the top of the Guidelines range. We are not persuaded. The plea agreement memorialized that the parties "agree[d] and stipulate[d] that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense." App. 19. Thereafter, Mangel decided to put the Government to its proof at sentencing with regard to the amount of loss. It understandably objected to the downward adjustment for acceptance of responsibility under § 3E1.1. Because there was a temporal component to the stipulation for the adjustment, we conclude that the Government's protest of the acceptance-of-responsibility adjustment under the circumstances did not constitute a breach.

Nor was there a breach of the plea agreement as a result of the Government's request for a sentence at the top of the Guidelines. The plea agreement expressly provided that the Government could "make whatever sentencing recommendation . . . [it] deem[ed] appropriate." App. 17.[5]

Because the waiver was knowing and voluntary, it bars challenges Mangel might otherwise raise on direct appeal or collateral review. As no express

---

[5] Mangel also contends that the Government breached the plea agreement by enticing him to sign that agreement based on the indictment, but then changed its proffer at the plea hearing by including as relevant conduct that he defrauded other victims and increased the amount of loss assessment under U.S.S.G. § 2B1.1(b)(1)(H). According to Mangel, this constituted bad faith. Because the record demonstrates that Mangel knowingly and voluntarily pleaded guilty, we reject his contention that the Government acted in bad faith by enticing him to plead guilty.

5

exception to the appellate waiver allows Mangel to challenge the District Court's Guidelines calculation, that challenge is barred. Because the waiver language does allow Mangel to appeal or seek collateral relief based on an upward variance or the ineffective assistance of counsel, his respective claims on these issues are permissible.

Finally, enforcing the waiver would not work a "miscarriage of justice." *See United States v. Wilson,* 429 F.3d 455, 458 (3d Cir. 2005). Although we have not precisely defined a "miscarriage of justice," we consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Jackson,* 523 F.3d at 242–43 (quoting *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001)) (internal quotation marks omitted). As none of these factors weigh in Mangel's favor, we will enforce his appellate waiver and dismiss his challenge to the Guidelines calculation.

Mangel contends that his sentence is substantively unreasonable because the District Court failed to "comport with the application specifications of 18 U.S.C. § 3553(b)" at sentencing when it considered the facts, length, and size of the

6

offense as a justification for a significant upward variance.[6]  Appellant's Br. 29.

We disagree.  As the Government notes, this argument erroneously relies on

statutory subsection (b) of § 3553 that the Supreme Court concluded in *United*

*States v. Booker* "must be severed and excised" to render the Guidelines advisory.

543 U.S. 220, 245 (2005).

We have "upheld [a sentence] as reasonable if the record as a whole reflects

rational and meaningful consideration of the factors enumerated in 18 U.S.C.

§ 3553(a)."  *United States v. Schweitzer,* 454 F.3d 197, 204 (3d Cir. 2006) (internal

quotation marks omitted).  A review of the record in this case convinces us that the

sentence was reasonable.  Although the 60-month term of imprisonment on each

count exceeds the Sentencing Guidelines range of 37 to 46 months, it does not

exceed the statutory maximum for the offenses of conviction.  In fashioning the

sentence, the District Court properly considered "the nature and circumstances of

the offense and the history and characteristics of the defendant," pursuant to 18

U.S.C. § 3553(a)(1).[7]  The District Court also cited Mangel's prior conviction for

---

[6] We review the substantive reasonableness of a sentence for abuse of discretion.
*United States v. Tomko,* 562 F.3d 558, 567 (3d Cir 2009) (en banc).  "[W]e apply a
deferential standard" to the District Court's judgment, *United States v. Cooper*,
437 F.3d 324, 330 (3d Cir. 2006), *abrogated on other grounds by United States v.
Rita,* 551 U.S. 338 (2007), and "focus on . . . the totality of the circumstances,"
with no "presum[ption] that a sentence is [substantively] unreasonable simply
because it falls outside the advisory Guidelines range."  *Tomko,* 562 F.3d at 567.
[7] *See* App. 119–120 (The District Court noted: "[Mangel] is incapable of being
honest, and if he remains at liberty, will seek to steal whatever isn't nailed down.

7

making false statements to a financial institution in determining a sentence that would reflect the "seriousness of the offense[,] to promote respect for the law, to provide just punishment, to provide deterrence to criminal conduct, and to protect the public from further crimes" Mangel might commit. App. 119. Thus, the District Court did not abuse its discretion when it considered the factors outlined in § 3553(a).

Mangel also asserts a claim of ineffective assistance of counsel. The Government contends this challenge should be reserved for collateral review, and we agree. Although the express terms of the appellate waiver suggest Mangel may raise this challenge now, his ineffective-assistance-of-counsel claim is not sufficiently developed to allow appropriate review on direct appeal. *See United States v. Thornton,* 327 F.3d 268, 271–72 (3d Cir. 2003) (concluding it is "preferable that such claims be considered on collateral review rather than on direct appeal"); *see also Massaro v. United States,* 538 U.S. 500, 504–05 (2003)

---

He stole from the six policyholders . . . [and] he defrauded the person who . . . thought he was investing in [Mangel]'s business, when in fact, he was bankrolling [Mangel]'s life. [Mangel] took advantage of people who needed money desperately enough that they were willing to sell their life insurance policies. And he stole significant amounts of money from them. These outrageous acts . . . require . . . a substantial term of incarceration to deter both [Mangel] and others. And I don't believe a guideline sentence would be reasonable in these circumstances.").

For the foregoing reasons, we will enforce Mangel's appellate waiver and affirm the judgment of the District Court.[8]

---

[8] We have carefully considered the arguments in Mangel's briefs and, to the extent any arguments are not explicitly addressed herein, have concluded they lack merit.